**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FCCI INSURANCE COMPANY, INC.,

    Plaintiff,

v.                                                                                          CASE NO: 8:05-cv-1151-T-26MSS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for Partial Summary Judgment, Statement of Undisputed Facts, and declarations, deposition excerpts, and exhibits (Dkt. 35), and Defendant's Memorandum in Opposition, Statement of Undisputed Facts, and declarations, deposition excerpts, and exhibits in opposition. (Dkts. 36-38). After careful consideration of the submissions of the parties, the Court concludes that genuine issues of material fact exist thereby preventing entry of summary judgment.

Plaintiff seeks summary judgment on the sole issue of whether FCCI Insurance Company, Inc. (FCCI) is entitled to indemnification by National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) "for workers' compensation payments that FCCI makes in good faith under Florida's workers' compensation law." (Dkt. 35 at pg. 1). The issue assumes that the contracts between the parties are ones of reinsurance, and not excess insurance, and, regardless of the categorization of the type of insurance

provided by National Union, that the compensation payments were made by FCCI in good faith. National Union contests both assumptions and argues that genuine issues of fact exist.

National Union takes issue with the assumption that the contracts between the parties are reinsurance, claiming that they are instead contracts for excess "direct" insurance. The record shows genuine issues of fact regarding whether the insurance provided by National Union back in the 1970's was "direct" insurance or reinsurance. Regardless of the distinction between the type of insurance provided, National Union asserts that the contracts impose conditions and limitations on FCCI's entitlement to indemnification, which FCCI has overlooked in its Motion. The Court finds that, at the very least, genuine issues of fact exist with respect to the sufficiency of written proofs of payment under the loss payable clause, irrespective of National Union's ability to demonstrate bad faith on the part of FCCI. Consequently, summary judgment must be denied.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 35) is **DENIED**. This case shall proceed to trial.

**DONE AND ORDERED** at Tampa, Florida, on September 20, 2006.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**: Counsel of Record